Ariadne Panagopoulou  (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Segundo Buestan, | ) |
| | ) Civil Case No.: |
| *Plaintiff*, | ) |
| | ) |
| -v- | ) |
| | ) **COMPLAINT** |
| A. Eagles Inc. and Abilj Ljesnjanin, *jointly and severally*, | ) |
| | ) |
| *Defendants.* | ) |

**NATURE OF THE ACTION**

1. Plaintiff Segundo Buestan ("Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, and failure to provide wage notices and wage statements.

## SUMMARY

2. Plaintiff was employed by Defendants, A. Eagles Inc. and Abilj Ljesnjanin ("Defendants") as a construction worker for an overall period of approximately ten (10) years starting in 2005 and ending in March 2015.

3. The Plaintiff was compensated at a flat rate of $400 per week for the years 2005 to 2013. For the years 2014 and 2015, Plaintiff was paid $120 per day, regardless of the total hours he worked each day.

4. From 2005 to 2014, Plaintiff was always paid in cash. However, in the year 2015, Plaintiff was paid by check.

5. The Defendant has also failed to pay the Plaintiff any wages from November 30, 2014 to approximately March 14, 2015 amounting to approximately Eight Thousand Eight Hundred Eighty and 00/100 Dollars ($8880.00).

6. Plaintiff consistently worked for Defendants more than forty (40) hours per week. Defendants failed to pay the Plaintiff at one and one half times his regular rate of pay for hours worked over forty (40) hours per week.

7. Plaintiff was never given any wage notices, statements, or records detailing his pay.

8. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees lawful compensation by knowingly violating the FLSA and NYLL.

9. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

10. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

11. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

12. Venue is proper in the Eastern District of New York under 8 U.S.C. §§1391 (b)(1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES
### Plaintiff

**Segundo Buestan**

13. Plaintiff Segundo Buestan ("Plaintiff") is an adult individual residing in the state of New York, County of Queens.

14. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

15. Plaintiff worked for Defendants from 2005 to March 2015.

3

16. Plaintiff was employed by Defendant A. Eagles Inc., a construction company owned by Defendant Abilj Ljesnjanin, located at 6 Terrace Drive, Hampton, NY 11946.

17. Plaintiff was employed as a construction worker and his primary duties included plastering, working with sheetrock, and cleaning up after each workday/shift.

18. Plaintiff regularly handled goods in interstate commerce during his employment, such as the materials and equipment that were imported from outside the State of New York.

19. During the period of his employment from the year 2008 to 2015, Plaintiff worked a shift from approximately 8 a.m. to 5 p.m. for six (6) days per week, from Mondays through Saturdays. Plaintiff worked a total of approximately 54 hours per week.

20. The Plaintiff was compensated at a flat rate of $400 per week for the years 2005 to 2013. For the years 2014 and 2015, Plaintiff was paid $120 per day, regardless of the total hours he worked each day.

21. The Defendants have also failed to pay the Plaintiff any wages from November 30, 2014 to March 14, 2015 amounting to approximately Eight Thousand Eight Hundred Eighty and 00/100 Dollars ($8880.00).

22. At some point in March 2015, and while still employed by the Defendants, Plaintiff called to inquire about the current status of his employment and whether he should report to the same site for his following shift. Plaintiff's supervisor never responded or contacted Plaintiff back directly. Plaintiff then attempted to contact his supervisor to obtain his final wages, and the supervisor still did not respond or contact the Plaintiff.

23. Defendants had no clocking system and did not keep any time records during the relevant time period.

24. Plaintiff received his pay in cash at all times every week, regardless of the hours he worked, until 2015, when he began receiving checks.

25. Defendants repeatedly suffered or permitted Plaintiff to work over Forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times his regular rate of pay.

26. Plaintiff was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

27. Plaintiff was never provided with wage statements or other records detailing, *inter alia*, dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

28. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

29. Throughout the duration of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

30. Throughout the duration of his employment, Plaintiff did not have any authority to interview, select or train employees, set or adjust employee rates of pay and hours of work, handle employee complaints and grievances, discipline employees, or apportion any work among the employees.

31. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

**(Corporate Defendant)**

**A. Eagles Inc.**

32. A. Eagles Inc. is a domestic corporation formed on August 22, 2000, organized and existing under the laws of the State of New York, located at 6 Terrace Drive, Hampton, NY, 11946.

33. A. Eagles Inc. has an additional office located at 3210 Avenue H, #3B, Brooklyn, NY 11210.

34. At all relevant times, A. Eagles Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

35. At all relevant times, A. Eagles Inc. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

36. At all relevant times, A. Eagles Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients produced out of state and distributed in New York. In addition, A. Eagles Inc. conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

37. Upon information and belief, at all relevant times, A. Eagles Inc.'s annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendant)**

**Abilj Ljesnjanin**

38. Upon information and belief, at all relevant times, Abilj Ljesnjanin, ("Ljesnjanin") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

39. At all relevant times throughout Plaintiff's employment, Ljesnjanin had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

40. At all relevant times throughout Plaintiff's employment, Ljesnjanin was actively involved in the day-to-day operations of the Corporate Defendant.

41. At all relevant times throughout Plaintiff's employment, Ljesnjanin was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Minimum Wages**

42. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

43. At all relevant times, Plaintiff was an employee and was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

44. At all times relevant, Defendants have been employers of Plaintiff, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

45. Defendants were required to pay directly to Plaintiff, the applicable federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

46. The Defendant failed to pay the Plaintiff any wages from November 30, 2014 to March 14, 2015 amounting to approximately Eight Thousand Eight Hundred Eighty and 00/100 Dollars ($8880.00).

47. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

48. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

49. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

50. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Overtime Wages**

52. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

53. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff.

54. Defendants have failed to pay Plaintiff overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

55. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

**New York Labor Law – Minimum Wage**

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

58. At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

9

59. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

60. From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, from December 31, 2013 to December 30, 2014, the minimum hourly wage was $8.00, and from December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1.

61. The Defendant failed to pay the Plaintiff any wages from November 30, 2014 to approximately March 14, 2015 amounting to approximately Eight Thousand Eight Hundred Eighty and 00/100 Dollars ($8880.00).

62. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.1.

63. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq.*, and 12 N.Y.C.R.R. Part 142-2.1.

64. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

65. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

66. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL,

reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

69. Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

70. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

72. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

# FIFTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at the Time of Hiring

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

75. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

# SIXTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Wage Statements

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants have failed to provide Plaintiff with wage statements listing, *inter alia*, his rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

78. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations;

B. An order tolling the statute of limitations;

C. Unpaid minimum wages, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D. Unpaid minimum wages and overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

E. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C. § 216(b);

F. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

H. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

I. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

J. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

M. Such other relief as this Court shall deem just and proper.

Dated: January 9, 2017

                Respectfully submitted,
                **PARDALIS & NOHAVICKA, LLP**

By:   /s/Ariadne Panagopoulou
       Ariadne Panagopoulou (AP-2202)
       *Attorneys for the Plaintiff*
       35-10 Broadway, Suite 201
       Astoria, New York 11106
       Tel: 718.777.0400 | Fax: 718.777.0599
       Email: ari@pnlawyers.com